# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6891 | **DATE** | January 26, 2004 |
| **CASE TITLE** | Frank R. Davis, etal   v   JP Morgan Chase Bank, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered.   Accordingly, defendants' motion to stay and compel arbitration  is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN 27 2004 | |
| | Notified counsel by telephone. | | date docketed | 43 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| | | | date mailed notice | |
| GDS | courtroom deputy's initials | '04 JAN 27 AM 8:16 | | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK R. DAVIS and ELMA L. DAVIS, )
)
Plaintiffs, )
) No. 03 C 6891
v. )
) Judge Robert W. Gettleman
JP MORGAN CHASE BANK, f/k/a The Chase )
Manhattan Bank Successor by Merger to Chase )
Bank of Texas, N.A., f/k/a Texas Commerce Bank, )
N.A., as Custodian by Saxon Mortgage Services, )
Inc., f/k/a Meritech Mortgage Services, Inc., as their )
Attorney-in-Fact, Assignee of Choice Mortgage )
Services, Inc.; BA MORTGAGE LLC, a wholly )
owned subsidiary of Bank of America, N.A., )
Successor in Interest by Merge of Nations Bank )
Mortgage Corporation; MANUFACTURERS & )
TRADERS TRUST COMPANY, One M&T Plaza, )
Buffalo, NY 14203-2399, Trustee for Securitization )
Series 1997-5, Agreement dated 12-01-97; THE )
BANK OF NEW YORK as Trustee under the )
Pooling and Servicing Agreement dated as of )
November 30, 1997, Series 1997-D; BANK ONE; )
DIRECT MERCHANTS BANK and MBNA )
AMERICA VISA, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Frank R. Davis and Elma R. Davis, filed a rambling pro se complaint seeking complete discharge of all financial obligations owed to defendants due to, among other things, alleged gross mismanagement, fraud, conspiracy to defraud, fraud by contract, embezzlement, violations of state and federal statutes of banking, usurious lending practices, violations of the RICO Act and Illinois Organized Crime Act, conspiracy in violation of 18 U.S.C. § 371, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, aiding and

abetting the interstate transportation of funds taken by fraud in violation of 18 U.S.C. § 2314, tampering with a witness in violation of 18 U.S.C. § 1512, and conspiracy to launder money instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956 (a)(1)(B)(i), and 1956(h). With respect to defendant Bank One, Delaware, N.A. ("Bank One"), plaintiffs seek to discharge all of their financial obligations incurred from use of a credit card. Bank One has moved to stay and compel arbitration. For the reasons stated below, the motion to stay and compel arbitration is granted.

## FACTS

The instant matter pertains to a credit card issued to Mr. Davis initially by Chevy Chase Bank and later transferred to Bank One. When plaintiff opened the account, Chevy Chase Bank sent plaintiff a "CARDHOLDER RULES AND REGULATIONS AND NOTICE OF BILLING RIGHTS" ("Cardmember Agreement") establishing the terms of the Account. The pertinent part of the Cardmember Agreement concerned an alternative dispute resolution provision. The agreement stated that "[a]ny controversy or claim ("Claim") between or among you and us or our agent, employees and affiliates, including but not limited to those arising out of or relating to this Agreement or any related agreements...shall...be submitted to mediation."

In December 1998 when the credit card was transferred to Bank One, defendant sent a mailing modifying the Cardmember Agreement to reflect Bank One as the issuer of plaintiff's account. That mailing was entitled "IMPORTANT NOTICE FOR CHEVY CHASE CREDIT CARD CUSTOMERS ABOUT CHANGES TO YOUR CHEVY CHASE CREDIT CARD AGREEMENT." The new agreement explained that the previous alternative dispute resolution provision was replaced with a section entitled "Arbitration" (the "Arbitration Provision"). The

notice stated that the new Arbitration Provision would become effective February 1, 1999. The Arbitration Provision stated:

> [a]ny claim, dispute or controversy ("Claim") by either you or us against the other or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or your Account, including Claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved by binding arbitration...

Plaintiff had the option of rejecting the new Arbitration Provision by notifying Bank One in writing by January 15, 1999. Plaintiff did not notify Bank One of a refusal to accept the new provision, nor did he cease using the credit card.

## DISCUSSION

In its motion to stay and compel arbitration pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., defendant argues that the Arbitration Provision was properly adopted and is enforceable, and that plaintiffs' claims fall under the Arbitration Provision.

Section 2 of the FAA, 9 U.S.C. § 2 provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Section 3 of the FAA, 9 U.S.C. § 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,

providing the applicant for the stay is not in default in proceeding with such arbitration.

The Arbitration Provision provides in pertinent part:

[a]ny claim, dispute or controversy ("Claim") by either you or us against the other or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or your Account, including Claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved by binding arbitration...

Thus, there can be no question that under the FAA, plaintiffs' claim against Bank One is subject to the arbitration clause because it concerns a "written provision" about a "transaction involving commerce to settle by arbitration." 9 U.S.C. § 2. Clearly, any request to discharge all financial obligations to defendant arises from the Cardmember Agreement. While plaintiffs bring many claims, they do not challenge the validity of the Arbitration Provision. The FAA explicitly provides that arbitration agreements "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. Further, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." Moses H. Cohen Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983). Accordingly, the arbitration agreement is enforceable.

Plaintiffs accepted the modification in the Cardmember Agreement by continuing to use the credit card after notification that the terms had changed. Other courts in this district have upheld defendant's method of amending its credit card terms, and this court will do the same. See Bellavia v. First USA Bank, 02 C 3971; Reed v. First USA Bank, 99 C 6207; Frerichs v. Credential Serv., 98 C 3684.

In response to Bank One's motion, plaintiffs deny the validity of a signature pursuant to 3-308 of the Uniform Commercial Code ("UCC") 810 ILCS 5/3-308. Article 3 of the UCC deals

4

with negotiable instruments. Since there is no negotiable instrument at issue in the Arbitration Provision, 3-308 is immaterial and irrelevant to defendant's motion to stay and compel arbitration.

Finally, plaintiffs assert that defendant has lost standing and is in default. This court granted defendant's motion for an extension of time to answer or otherwise plead to the complaint. On November 18, 2003, defendant timely filed its motion to compel arbitration. Plaintiffs' claims are therefore without merit.

## CONCLUSION

For the reasons stated herein, defendant's motion to stay and compel arbitration is granted.

ENTER: **January 26, 2004**

_____
Robert W. Gettleman
United States District Judge