# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| hCASE NUMBER | 03 C 6891 | DATE | March 10, 2004 |
| CASE TITLE | Frank R. Davis    v    JP Morgan Chase Bank, etc., et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ☒

Memorandum opinion and order entered. Accordingly, defendants' Manufacturers & Traders Trust Co. and Bank of New York and Direct Merchants Bank's motions to dismiss are granted.

(11) ☒ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 1 1 2004 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | date docketed | 53 |
| X | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | | dockering deputy initials | |
| | Copy to judge/magistrate judge. | 2004 MAR 10 PH 4:17 | | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

FRANK R. DAVIS and ELMA L. DAVIS,     )
                                      )
         Plaintiffs,               )
                                      )     No.     03 C 6891
    v.                             )
                                      )     Judge Robert W. Gettleman
JP MORGAN CHASE BANK, f/k/a The Chase   )
Manhattan Bank Successor by Merger to Chase   )
Bank of Texas, N.A., f/k/a Texas Commerce Bank, )
N.A., as Custodian by Saxon Mortgage Services,   )
Inc., f/k/a Meritech Mortgage Services, Inc., as their )
Attorney-in-Fact, Assignee of Choice Mortgage   )
Services, Inc.; BA MORTGAGE LLC, a wholly   )
owned subsidiary of Bank of America, N.A.,   )
Successor in Interest by Merge of Nations Bank   )
Mortgage Corporation; MANUFACTURERS &   )
TRADERS TRUST COMPANY, One M&T Plaza, )
Buffalo, NY 14203-2399, Trustee for Securitization )
Series 1997-5, Agreement dated 12-01-97; THE   )
BANK OF NEW YORK as Trustee under the   )
Pooling and Servicing Agreement dated as of   )
November 30, 1997, Series 1997-D; BANK ONE; )
DIRECT MERCHANTS BANK and MBNA   )
AMERICA VISA,   )
                                      )
         Defendants.            )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Frank R. Davis and Elma L. Davis have brought a pro se complaint seeking

complete discharge of all financial obligations owed to defendants, alleging that defendants

engaged in gross mismanagement, fraud, conspiracy to defraud, fraud by contract, embezzlement,

violations of state and federal banking statutes, usurious lending practices, and violations of the

Racketeer and Corrupt Organizations Act ("RICO") and the Illinois Organized Crime Act. With

respect to defendant's Manufacturers & Traders Trust Company ("M&T") and Bank of New

York ("BONY"), plaintiffs seek an order from this court dismissing foreclosure actions in the Circuit Court of Cook County, Illinois in which the courts rejected the same arguments plaintiffs raise in the instant case and entered judgment of foreclosure and orders for sale. Plaintiffs also seek an order discharging plaintiffs from their mortgage and loan obligations. With respect to Direct Merchants Bank ("DMB"), which provided credit card services to plaintiffs, plaintiffs seek an order dismissing various pending collection actions against them and discharging them from their loan obligations. M&T and BONY have moved to dismiss for lack of subject matter jurisdiction and/or failure to state a claim. DMB has moved to dismiss for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b) and for failure to state a claim. For the reasons set forth below, M&T and BONY's motion to dismiss for lack of jurisdiction is granted, and DMB's motion for to dismiss for failure to state a claim is granted.

## FACTS

On October 23, 1997, plaintiffs executed and delivered a note to Choice Mortgage Services, Inc., in the principal amount of $41,948. The note was secured by a mortgage on the property located at 5010 South Morgan Street, Chicago, Illinois. M&T is now the owner and holder of the note and mortgage. On October 29, 2002, M&T filed a foreclosure action against plaintiff in the Circuit Court of Cook County. The plaintiffs answered, filed an affirmative defense, and counterclaimed, setting forth the exact arguments raised by them in the instant action. On April 10, 2003, the Circuit Court dismissed with prejudice plaintiffs' affirmative defenses and counterclaims. On July 22, 2003, a judgment of foreclosure and sale was entered.

On November 21, 1997, plaintiffs executed a mortgage on the property located at 6337 South Winchester, Chicago, Illinois and a note in the amount of $42,000. BONY currently holds

the mortgage and note. On November 26, 2002, BONY filed a foreclosure action against plaintiff in the Circuit Court of Cook County. Plaintiffs answered, filed an affirmative defense, and a counterclaim, again raising the exact arguments as raised in the instant case. Judgment of foreclosure and order of sale was entered against plaintiffs on June 5, 2003.

Plaintiffs filed a Petition for Chapter 11 relief in the Bankruptcy Court for the Northern District of Illinois on August 21, 2003. The bankruptcy case was dismissed on November 17, 2003.

Although unclear from the complaint, DMB apparently provided credit card services to plaintiffs. The complaint challenges the validity of plaintiffs' contractual relationship with DMB as fraudulently induced.

## DISCUSSION

Although plaintiffs' relationship with DMB is slightly different than their relationship with M&T and BONY, plaintiffs claims against all three are the same. Essentially plaintiffs allege that: (1) the mortgages and loans are invalid because they provide for repayment in dollars, which plaintiffs believe violates a 1933 congressional resolution passed when the United States went off the gold standard; (2) defendants actually loaned credit, rather than money, which plaintiffs allege is not permitted by defendants' banking charters; and (3) defendants should have known that plaintiffs could not pay off the requested loans.

Both M&T and BONY argue that at least with respect to them, the Rooker-Feldman Doctrine deprives the court of jurisdiction. See Rooker v. Fidelity Trust Co., 263 U.S. 414 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (9183). Rooker-Feldman deprives lower federal courts of jurisdiction to engage in appellate review of state court

3

judgments. See Garry v. Geils, 82 F.3d 1362 (7ᵗʰ Cir. 1986). In the Seventh Circuit, a federal

claim that alleges injury caused by a state court decision raises Rooker-Feldman concerns, while

"a federal claim alleging a prior injury that the state court failed to remedy" raises "a potential res

judicata problem but not Rooker-Feldman." Id. at 1366-67. Thus, in all but the unusual case,

Rooker-Feldman applies when the federal plaintiff was the defendant in the state court, and res

judicata applies when the federal plaintiff was the plaintiff in state court. Id. at 1367.

In the instant case, plaintiffs were the defendants in the state court foreclosure action, and

certainly to the extent that their instant complaint seeks review of the judgment of foreclosure

and sale and subsequent order of eviction, plaintiffs assert injury at the hands of the court and

their claims are barred by Rooker-Feldman. Additionally, however, plaintiffs raise federal

arguments that the underlying obligations in question were invalid and illegal, and thus assert a

prior injury not remedied by the state court. With respect to these claims, plaintiffs were the

plaintiffs (actually counterclaimants) in the state court. Because the exact claims were raised and

adjudicated in both state court actions, they are barred by res judicata.[1]

DMB argues that the complaint fails to plead fraud with particularity and fails to state a

claim. Although the allegations against DMB are sparse, the crux of plaintiff's claims against

DMB is the same as against the other defendants: that DMB loaned plaintiffs credit rather than

money, and that the loans improperly provided for repayment in dollars. Despite the obvious

unusual nature of these claims, as all defendants point out, they are not novel. The very same

issues were raised and rejected in Rene v. Citibank N.A., 32 F. Supp. 2d 539 (E.D. NY 1999),

---

[1]Even if not barred by Rooker-Feldman and res judicata, as set forth in this court's
discussion of DMB's arguments, the complaint fails to state a claim.

and determined to be frivolous in <u>Nixon v. Individual Head of St. Joseph Mortgage Co.</u>, 615 F. Supp. 898 (C. D. Ind. 1985) and <u>Theil v. First Federal Savings & Loan Association</u>, 646 F. Supp. 592 (N.D. Ind. 1986). As noted in <u>Rene</u>, "there is no requirement that a loan be made with legal tender before a court will deem it valid." 32 F. Supp. at 544. Nor do plaintiffs contend that they did not reap the benefits of using the credit issued by DMB. <u>Id</u>.

Plaintiffs also rely on Joint Resolution 192 passed by Congress in 1933 to argue that the loan obligation improperly required repayment of money. Plaintiffs' reliance is misplaced. First, the joint resolution was negated and rendered inoperative in 1977. <u>See</u> US Public Law 95-147, 91 Stat. 1227 (October 28, 1977). Moreover, plaintiffs misread the resolution, which simply declared that it would be against public policy to demand payment in gold because the country was moving off the gold standard. The resolution reads in relevant part:

> Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts.

Ch. 48 § 1, 48 Stat 112, 113 (1933). The instant complaint alleges that the contract with DMB provides for payment in dollars, which is, or course, legal tender.

Finally, plaintiffs argue that defendants should have known plaintiffs were unable to repay the debt. Illinois has expressly rejected any such duty on the part of the lender. "The lender also has no duty to refrain from making a loan if the lender knows or should have known that the borrower cannot repay the loan." <u>Northern Trust Company v. VIII South Michigan Association</u>, 276 Ill. App.3d 355, 364-65 (1st Dist. 1995).

## CONCLUSION

For the reasons set forth above, defendants' motions to dismiss are granted.

**ENTER:**    **March 10, 2004**

**Robert W. Gettleman**
**United States District Judge**